In the Matter of the Probate of the Will of WILLIAM F. WALTER, Deceased. LOUISE S. BEYGRAU et al., Appellants-Respondents; GERTRUDE E. DORSETT, Respondent-Appellant.— Appeal by contestants from so much of a decree of the Surrogate's Court, Suffolk County, which (a) set aside the verdict of a jury finding that the will was not properly executed and that there was fraud and undue influence; (b) directed probate, and (c) awarded costs to proponent in the sum of $1,170.22. Appeal by proponent from so much of the same decree which awards to contestants costs of $1,403.50, and counsel fee of $1,000. Decree reversed on the law, with costs in this court to all parties filing briefs, payable out of the estate, and new trial ordered on the following issues: (1) Was there due execution of the will offered for probate; (2) Was that will executed on July 19, 1950; (3) If the will was not executed on July 19, 1950, was it executed subsequent to March 17, 1950. A verdict was properly directed in favor of proponent on the issues of fraud and undue influence. However, the Surrogate was in error in setting aside the verdict in favor of contestants on the issue of due execution and directing probate. Under the circumstances here present, the testimony offered by contestants that decedent could not physically have been present on the date stated in the will and at the place testified to by proponent's witnesses raised a question of fact which only the jury could determine. (*Matter of Quinn,* 282 App. Div. 1049.) The issues as to whether there was execution at the time and place claimed, and whether the will offered for probate was the last will and testament of the decedent should have been specifically submitted to the jury. On the new trial, it should be made clear to the jury that the questions for determination are not only due factum and whether the formalities of the statute with respect to due execution were observed, but also whether execution took place on the date claimed by proponent, and, if not, whether execution took place subsequent to March 17, 1950. Allowance of costs and counsel fees in the Surrogate's Court should await the result of the new trial. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.