■ In the Matter of the Estate of Soilo Velasquez, Deceased. Rosemary Velasquez, Appellant; Vivian Velasquez et al., Respondents. [993 NYS2d 909]—

Order, Surrogate's Court, Bronx County (Nelida Malave-Gonzalez, S.), entered August 29, 2013, which denied proponent's motion for summary judgment dismissing the objections filed by objectants, and to admit to probate an instrument dated June 6, 2010, unanimously affirmed, without costs.

"Before admitting a will to probate the court must inquire particularly into all the facts and must be satisfied with the genuineness of the will and the validity of its execution" (SCPA 1408 [1]). The burden of demonstrating that a will was duly executed lies with the proponent (*see Matter of Falk*, 47 AD3d 21, 26 [1st Dept 2007], *lv denied* 10 NY3d 702 [2008]). Upon a showing of due execution, the burden shifts to the objectant "to produce evidentiary proof in admissible form to rebut the presumption and raise a material issue of fact" (*Matter of Halpern*, 76 AD3d 429, 432 [1st Dept 2010], *affd* 16 NY3d 777 [2011]).

Here, the court correctly found that the affidavits of decedent's friend and his great nephew were sufficient to raise an issue of fact as to whether the decedent could have been in New Jersey at the time the June 6, 2010 instrument was purportedly executed. Where, as here, there are issues as to whether the will was executed at the time and place claimed, and whether the will offered for probate was indeed the decedent's last will and testament, the matter should be submitted to a trier of fact (*see*

*Matter of Walter*, 283 App Div 745 [2d Dept 1954]; *Matter of Quinn*, 282 App Div 1049 [2d Dept 1953]). Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.